IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Larry Edward Carter, Jr., | ) | Case No. 2:20-cv-4225-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Kevin Roshawn Whitfield, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 39) recommending that Defendant's motion to dismiss or, alternatively, for summary judgment, be granted. For the reasons set forth below, the Court adopts the R&R as the order of the Court and grants Defendant's motion for summary judgment

I.    **Background**

Plaintiff, proceeding pro se and in forma pauperis, alleges that on June 1, 2017, Defendant approached Plaintiff, who was sitting in his vehicle in a parking lot. Defendant informed Plaintiff that his vehicle's windows were illegally darkly tinted. Plaintiff states that he handed Defendant his license and registration, and that Defendant ordered Plaintiff out of his vehicle. According to Plaintiff, "without writing a ticket for a tint violation, [Defendant] held me against my will over 30 minutes to conduct a search of my vehicle when I refused to give consent to do so. At the time Larry E. Carter Sr. and Robert Carter witnessed what was occurring at the time. Judge David C. Norton in the District Court of South Carolina Charleston Division eventually suppressed the evidence in this case and dismissed the charges in federal court." (Dkt. No. 1 at 5-6).

On February 14, 2022, Defendant filed a motion to dismiss or, alternatively, for summary judgment. (Dkt. No. 33). Plaintiff opposes. (Dkt. No. 38).

On May 10, 2022, the Magistrate Judge filed an R&R recommending that Defendant's motion for summary judgment be granted on the sole ground that Plaintiff's complaint was untimely filed. (Dkt. No. 39).

Plaintiff filed objections to the R&R. (Dkt. No. 45).

## II.    Legal Standards

### a.    Fed. R. Civ. P. 56(a)

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### b.    Pro Se Pleading Standard

This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th

Cir.1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them," *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985), *cert denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 729 (1986).

### c. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiff filed objections to the R&R, the R&R is reviewed de novo.

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Defendant is entitled to summary judgment because Plaintiff's § 1983 claim was filed outside the three-year statute of limitation's period. (Dkt. No. 39 at 3-4) (noting that claims asserted under

§ 1983 are governed by a state's residual or general personal injury statute of limitations, that

South Carolina's limitations period for a personal injury claim is three years, that the search of

Plaintiff's vehicle took place on June 1, 2017, and that Plaintiff's action was filed on December 7,

2020). Plaintiff objected to this finding on the basis that, because the charges stemming from the

allegedly illegal search and seizure were the subject of a pending criminal case, Plaintiff had until

at least December 28, 2021 to file the instant action—three years from the date on which the

allegedly wrongfully obtained evidence was suppressed. (Dkt. No. 45 at 1).[1]  The Court overrules

Plaintiff's objection. In *Smith v. Travelpiece*, 31 F.4th 878 (4th Cir. 2022), the Fourth Circuit

rejected an argument identical to Plaintiff's, affirming that claims under the Fourth Amendment

accrue "when they are violated" and rejecting the plaintiffs' attempt to impose a "favorable-

termination accrual rule." *Smith*, 31 F.4th at 887 (rejecting plaintiffs' argument that Fourth

Amendment claims do not accrue until a "favorable-termination" is achieved) *citing Wallace v.*

*Kato*, 549 U.S. 384, 388-91 (2007); *Wallace*, 549 U.S. at 388-91 (tort for alleged unlawful seizure

accrued without favorable termination of a future prosecution even where alleged unlawful seizure

would impugn the prosecution).

---

[1] On March 13, 2018, Plaintiff was indicted in this court for possession with intent to distribute a quantity of morphine (Count 1); using and carrying a firearm during and in relation to, and in furtherance of a drug trafficking crime (Count 2); felon in possession of a firearm (Count 3); and possession with intent to distribute a quantity of heroin (Count 4). On December 28, 2018, the Honorable David C. Norton granted Plaintiff's motion to suppress in *United States of America v. Carter, Jr.*, No. 2:18-cr-257-DCN, (D.S.C. Dec. 28, 2018) (suppressing counts 1, 2, and 3—Count 4 involved conduct on a different day).  On January 29, 2019, Plaintiff pled guilty to Count 4. (Dkt. No. 56); *see also* (Dkt. No. 54) (dismissing Counts 1, 2, and 3). On December 3, 2019, Plaintiff was sentenced to 151-months incarceration. (Dkt. No. 65).  Plaintiff's sentence was affirmed by the Fourth Circuit Court of Appeals on April 22, 2021. *United States v. Carter*, 844 F. App'x 675 (4th Cir. 2021) (affirming sentencing of Plaintiff as a career offender).

-5-

**IV.     Conclusion**

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 39) as the order of

Court and grants Defendant's motion for summary judgment (Dkt. No. 33). The Clerk is directed

to close this action.

**AND IT IS SO ORDERED**.

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

June 14, 2022
Charleston, South Carolina